CASE 80—PETITION EQUITY—December 16.

# Williams, Etc. v. Borches, Etc.

APPEAL FROM BELL CIRCUIT COURT.

1. FRAUDULENT PREFERENCE—ACTION BY SECURED CREDITOR.—The fact that a creditor has personal security upon his debt does not exclude him from the right to maintain an action under the provisions of sec. 1910 of the Ky. Statutes, to have a transfer made by his debtor, declared to be a preference, and to operate as an assignment for the benefit of creditors.

D. B. LOGAN, FOR APPELLANTS.

1. The creditor is not compelled to look alone to the securities or sureties, or even joint obligors, where his debtor has made a transfer of property that brings his estate within the operation of the act of 1856; to do so would be to take from him some rights and privileges which are guaranteed to him, together with all other creditors, without regard to what security they may have or hold for their debts.

O. V. RILEY, FOR APPELLEE.

1. The statute against fraudulent preferences was intended to protect unsecured creditors, or general creditors, as a creditor who is amply secured by personal security or otherwise, is in need of no protection; the transactions complained of can in no way affect the interests of the appellants and can in no event cause them any loss.  Elliot v. Saufley, 89 Ky., 52.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellants instituted this action under section 1910 of the Kentucky Statutes, alleging that appellees, H. L. Hunt and J. G. Green, under the style and firm name of Green & Hunt, executed to appellants their two promissory notes for $155.37 each, with defendant, C. W. Short, as surety, and that no part of either note had ever been paid; further alleging that H. L. Hunt, one of the appellees, was indebted to

other persons in large sums and that while so indebted to plaintiff and various other persons, in contemplation of insolvency and with the design to prefer his co-defendant, Maggie Williams, to the exclusion of other creditors, and when he did not have sufficient property to pay his debts, did, within six months before the institution of this action, deliver to her solvent accounts and notes due him by her co-defendants, Goodin, Rice and others, and setting out the amounts of such indebtedness. Appellants also alleged that appellee, H. L. Hunt, about the same time under the same circumstances and with the same design, transferred to his brother, the defendant, G. M. Hunt, personal property, notes and accounts of the aggregate value of $98, and that he had, under the same circumstances and for the same purpose, transferred and delivered to his mother $115 in money; and appellants prayed that the sale of the notes and accounts to the defendants, Maggie Williams, G. M. Hunt and his mother, Johanna Hunt, be adjudged to operate as an assignment of all the property of H. L. Hunt for the benefit of his creditors and for the payment pro rata of all his debts.

Appellee filed a general demurrer to this petition, which was sustained, and appellants declining to plead further, prosecute their appeal to this court.

We infer from the brief of appellee that the sole ground on which the demurrer was sustained was that it appeared from the allegation of the petition of appellants that they had personal security on their debt, and that there was no allegation that the surety was insolvent or that they were in danger of losing any part of their claim.

The mere fact that a creditor has security upon his debt

does not exclude him from the right to prosecute his legal remedies for the collection of his debt against the principal; and we think the demurrer should have been overruled.

The judgment is, therefore, reversed and cause remanded for proceedings consistent with this opinion.